NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DAYSI RODRIGUEZ DE ESTRADA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71326

Agency No. A209-795-185

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Maria Daysi Rodriguez de Estrada, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). We grant the petition for review and remand.

The BIA denied asylum and withholding of removal on the basis that Rodriguez de Estrada failed to establish a nexus to her familial relationship with her son. Substantial evidence does not support that determination. *See Parada v. Sessions,* 902 F.3d 901, 910-11 (9th Cir. 2018) (evidence that the applicant was persecuted in retaliation for his brother's conduct established a nexus to family as a protected ground); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (holding that the less demanding "a reason" standard applies to withholding of removal claims); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (an asylum applicant establishes that a protected ground was "one central reason" for persecution where the persecutor would not have harmed the applicant absent that motive).

In denying CAT relief, it is unclear from the record whether the agency considered potentially dispositive record evidence that gangs commonly murder entire families in retaliation for one family member's refusal to join the gang and the government of El Salvador may participate or acquiesce in such activity. *See*

*Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) ("[W]here potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."); *see also Madrigal v. Holder*, 716 F.3d 499, 502, 509 (9th Cir. 2013) (remanding for agency to consider all evidence in assessing likelihood of torture).

Thus, we grant the petition for review and remand Rodriguez de Estrada's asylum, withholding of removal, and CAT claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We deny Rodriguez de Estrada's motion to expedite (Docket Entry No. 30) as moot.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**